**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|   |   |   |
|---|---|---|
| CONTROL SOLUTIONS, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 10 C 121 |
| OSHKOSH CORPORATION, a Wisconsin Corporation, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendant. | ) ) ) | Magistrate Judge Arlander Keys |
| _____ | ) ) | |
| OSHKOSH CORPORATION, a Wisconsin Corporation, | ) ) ) | |
| Counterclaimant, | ) ) ) | |
| v. | ) ) | |
| CONTROL SOLUTIONS, LLC, a Delaware Limited Liability Company, | ) ) ) | |
| Counterclaim Defendant. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff-counter defendant, Control Solutions LLC, moves to dismiss Counts II through VIII of defendant-counterclaimant Oshkosh Corporation's First Amended Counterclaim pursuant to Rule 12(b)(6) for failing to state a claim. For the reasons that follow, the motion is granted.

**Background**

The following facts are taken as true for the purposes of this motion. Control Solutions designs and manufactures "control and user interface devices" for use in a variety of commercial, medical and military applications. The particular component at issue in this case is Control Solutions' power door system designed for armored vehicles. Oshkosh designs and manufactures armored vehicles and is owner of the common-law and federally-registered "OSHKOSH" trademark in connection with its trucks and tactical vehicles.

In December 2008, the U.S. Army solicited bids for a new vehicle, the Mine Resistant Ambush Protected ("MRAP") All Terrain Vehicle ("M-ATV"). The vehicle was designed to be outfitted with armor kits to upgrade the protection on the doors. The doors on these vehicles are very heavy and require powered assistance to operate safely. Control Solutions built and installed a prototype power door system on some of Oshkosh's prototype vehicles, which Oshkosh used to bid on the Army contract. On June 30, 2009, the Army awarded Oshkosh the contract to manufacture the M-ATV. The Army also awarded to Oshkosh the separate contract to manufacture the armor up-grade kits for the doors. Oshkosh began producing the finished M-ATVs, but did not use Control Solutions' power door systems. Control Solutions filed the instant lawsuit claiming breach of contract. Oshkosh answered the complaint and filed the counterclaim that is the subject of the motion currently under consideration.

**Counterclaim**

Oshkosh filed an eight count counterclaim, which Control Solutions now seeks dismissal of Counts II through VIII. Counts II, III, IV, and V, are brought under the Lanham Act alleging trademark infringement, unfair competition, false designation of origin, dilution, and false

advertising. The remaining Counts VI, VII, VII, involve the same allegations brought under Illinois law.

Control Solutions moves to dismiss arguing that: (1) Oshkosh has failed to state a claim for false advertising, unfair competition, and false designation of origin (Counts III, V, VIII) because Oshkosh does not plead with sufficient particularity to satisfy the heightened pleading standard of Rule 9(b); (2) Counts II through VIII fail to sufficiently allege damages; (3) the Lanham Act claims (Counts II-V) do not allege that Control Solutions used any infringing mark or made any false or misleading representations "in commerce" within the meaning of the Act; (4) Oshkosh lacks standing to assert false advertising (Count V) and fails to allege that Control Solutions engaged in "commercial advertising"; (5) the alleged trademark infringement (Count II) is protected by the fair use doctrine; (6) Oshkosh's trademark does not qualify for dilution protection because it is not "famous" within the meaning of the Lanham Act; (7) Oshkosh's state law claims fail for the same reasons as its federal claims.

**Legal Standard**

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all well-pleaded allegations (Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 59 (2007)), and draw all reasonable inferences in favor of the nonmoving party. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). In order to withstand a motion to dismiss a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). The pleader must show that it is plausible, rather than merely speculative, that he is entitled to relief. INEOS Polymers, Inc. v. BASF Catalysts, 553 F. 3d 491, 497 (7 th Cir. 2009).

Under Federal Rule of Civil Procedure 9(b), in all allegations sounding in fraud or mistake, a plaintiff must plead with specificity the who, what, where, and when of the alleged fraud or mistake. Fed. R. Civ. P. 9(b); Fidelity Nat. Title Ins. Co. of New York v. Intercountry Nat. Title Ins. Co., 412 F.3d 745, 749 (7th Cir. 2005). Allegations stated on information and belief are inadequate to support a fraud claim unless the facts are inaccessible to the plaintiff. Bankers Trust Co. v. Old Republic Ins. Co., 959 F.2d 677, 684 (7th Cir. 1992). If the facts are inaccessible to the plaintiff, the complaint must state a basis for the plaintiff's suspicion. Id.

**Discussion**

Counts III, V, and VIII, involve allegations sounding in fraud, namely unfair competition and false designation of origin, false advertising in violation of section 43(a) of the Lanham Act (15 U.S.C. §1125(a)), and common law unfair competition.

The Lanham Act ("Act") prohibits false designation of origin, false descriptions, and dilution. 15 U.S.C. § 1125(a). Under the Act,

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a).

Oshkosh's counterclaim falls short of the Rule 9(b) standard for specificity in several ways. First, Oshkosh's only allegation of misrepresentation is that, "on information and belief,

on at least one occasion Control Solutions made an advertising presentation to the United States military wherein Control Solutions claimed that its power door system was being used on the Oshkosh M-ATV vehicles." (First Amended Counterclaim, Dkt. 36 at ¶36.) Oshkosh further alleges, "on information and belief, Control Solutions' statements to the United States military regarding the use of its power door system on the Oshkosh M-ATV vehicles are false and misleading." (FAC, Dkt. 36 at ¶38.) Oshkosh alleges actual confusion based on one telephone call from an "individual within the military regarding Control Solutions' presentation and its claim that Oshkosh was using its power door systems on the M-ATV" and Oshkosh had to clarify that Control Solutions' power doors did not go into the vehicles produced by Oshkosh. (FAC, Dkt. 36 at ¶41.)

These allegations form the basis of Oshkosh's counterclaim. Since these allegations are made on information and belief, Oshkosh must state a basis for its suspicion that these allegations occurred, which it does not. Moreover, Oshkosh fails to meet the pleading standard of Rule 9(b) because it fails to allege with particularity the who, what, where and when of the allegations. Even if this Court were to accept the "United States military" as the "who," there is no indication of where and when such a conversation allegedly took place. Additionally, a single instance of confusion has been found insufficient "confusion" to support a violation of the Act. See Packman v. Chicago Tribune Co., 267 F.3d 628, 645 (7th Cir. 2001) (holding that the district court properly discounted four phone calls as de minimis evidence of confusion). Accordingly, Counts III, V, and VIII are dismissed without prejudice.

Counts II and VI for trademark infringement under both the Lanham Act and the Illinois statute and Counts III and V for false designation of origin and false advertising must also be dismissed for failing to allege that Control Solutions "used in commerce" Oshkosh's trademark.

Section 1114(1)(a), (b), governing trademark infringement, and section 1125(a)(1), governing false designation of origin and false advertising, apply only where the defendant uses the trademark in commerce or where the defendant uses in commerce the misrepresentation. The Act defines the phrase in section 1127:

> "The term 'use in commerce' means the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this Act, a mark shall be deemed to be in use in commerce--
>   (1) on goods when--
>     (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, *and*
>     (B) the goods are sold or transported in commerce." (Emphasis added.) 15 U.S.C. § 1127

Here, none of the allegations in Oshkosh's counterclaim even suggest that Control Solutions used Oshkosh's trademark "in commerce" within the meaning of the Act. At most, Oshkosh claims that on one occasion Control Solutions stated that its power door systems were used on Oshkosh's M-ATV vehicles. Oshkosh does not dispute that it used Control Solutions' power door systems on some of its prototypes. There are no allegations that Control Solutions sold or transported any goods with the Oshkosh mark. Accordingly, Counts II, III, V, and VI, must be dismissed on that basis without prejudice.

In Counts IV and VII, Oshkosh alleges trademark dilution pursuant to the Lanham Act and Illinois statute. These Counts fail to allege that Oshkosh's trademark is famous, beyond merely claiming that it is famous. (FAC, Dkt. 36 at ¶33.) The Lanham Act (15 U.S.C. §

1125(c)) as well as the Illinois statute governing dilution (765 ILCS 1036/65) protect only "famous" marks from dilution. Under the Lanham Act a mark is famous if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c). The Illinois statute enumerates several factors to guide courts in determining whether a mark is famous, including the scope of advertising and the duration and extent of use of the mark in advertising and publicity. See 765 ILCS 1036/65. Here, Oshkosh supplies armored vehicles to the military and, thus, is not advertising to the general public. There is no evidence that the general consuming public would in any way associate Oshkosh with armored vehicles. Therefore, Counts IV and VII are dismissed with prejudice.

Although this Court has already addressed Count V for failing to comply with Rule 9(b), this Court further finds Oshkosh's false advertising claim deficient. In order to state a claim for false advertising, a plaintiff must plead with particularity: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a loss of goodwill associated with its products. See 15 U.S.C. § 1125(a)(1)(B); Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 819 (7th Cir. 1999). Oshkosh fails to allege that the false statement was in commercial advertising. Instead, Oshkosh bases its claim on a single instance of an in person "sales pitch." Such person-to-person contact is not commercial

advertising under the Act. See First Health Group Corp. v. BCE Emergis Corp., 269 F.3d 800, 804 (7th Cir. 2001) (holding that "advertising is a form of promotion to anonymous recipients, as distinguished from face-to-face communication."). Therefore, Count V must also be dismissed for failing to allege that any statements were made in commercial advertising.

Control Solutions also moves to dismiss Counts II-VIII on the basis that Oshkosh has failed to adequately plead damages. This Court notes that Oshkosh has not alleged in what manner it has been damaged. (FAC, Dkt. 36 at ¶46, 50, 56, 60, 64, 69,73.) However, as this Court has already dismissed Counts II, III, V, VI, VIII without prejudice, Counts IV and VII with prejudice, an additional reason for dismissal is unnecessary.

With respect to Control Solutions' argument that its use of Oshkosh's mark is allowed by the doctrine of fair use, a plaintiff need not anticipate or attempt to defuse potential defenses. See Doe v. Smith, 429 F.3d 706, 709 (7th Cir. 2005).

**Conclusion**

Based on the foregoing, Control Solutions' Motion to Dismiss Counts II-VIII of Oshkosh's First Amended Counterclaim [43] is granted. Counts II, III, V, VI, VIII, are dismissed without prejudice, and Counts IV and VII, are dismissed with prejudice.

IT IS SO ORDERED.

Date: March 28, 2011.

Entered: _____
Sharon Johnson Coleman